## R. H. AUSTIN v. JAMES DAWSON.

A purchases and pays for a $1,000 bond of the city of Wilmington, and instructs the vendor to keep it until he calls for it; the vendor at once sets apart a particular bond of the city of Wilmington of that denomination. Afterwards A calls for his bond, and accepts, without any objection, the one set apart for him: *Held,* that this acceptance of the bond, being made in reference to the sale in its legal effect, related back to the sale, and amounted to a waiver of any objection to the particular bond so delivered to him.

*Held further,* That in an action brought by A to recover the purchase money for the bond from his vendor, the cause of action accrued, and the Statute of Limitations began to run on the day of the sale, and not on the day of the delivery of the bond.

(*Williams* v. *Perkins,* Busb., 253, and *Waldo* v. *Belcher,* 11 Ired., 609, cited, distinguished from this case, and approved.)

CIVIL ACTION to recover the price paid for a bond of the city of Wilmington, tried by MOORE, J., at May Term, 1876, of EDGECOMBE Superior Court.

This suit was commenced May 22d, 1871. Plaintiff set up, as a first cause of action, deceit practiced by defendant in the sale of the bond, which he alleged was issued by the city of Wilmington for an illegal consideration—to aid the late rebellion ; that defendant knew this at the time of the sale, and did not inform plaintiff of it, and that nothing appeared on the bond itself to indicate that the consideration was illegal ; that by reason of illegality the bond was void and a loss to plaintiff.

For a second cause of action he set out the sale of the bond, its illegal consideration; alleged that it was void, and relied upon the utter failure of consideration to him as grounds for recovery of the price paid to defendant.

In both counts the sale was alleged to have been made on or about May 15th, 1868, and the bond was described as No.

172, issued by the city of Wilmington to defendant or bearer for $1,000, payable July 1st, 1887.

Defendant's answer admitted the sale of the bond described in the complaint at the time alleged, and that defendant did not notify plaintiff of the illegal consideration of the bond; but denied that defendant was aware that the consideration of the bond was illegal at the time of the sale to plaintiff. The answer also set up the Statute of Limitation as a bar to plaintiff's recovery.

Upon the trial John Norfleet testified that in the month of May, 1868, at the request of plaintiff, who resided in Tarboro', he called at the banking house of defendant in Wilmington and asked if he could buy two city of Wilminton bonds of $500 each, and at what price. Defendant replied that he had no $500 bonds, but offered one of a $1000 for a certain price. Norfleet told defendant that he would see plaintiff about it, and let defendant hear from him. Afterwards plaintiff decided to take the bond and gave Norfleet he money to pay for it. Norfleet sent the money to defendant with instructions to retain the bond until he should call for it. On his next visit to Wilmington, in June, 1868, he called at defendant's banking house and received a bond from the cashier. The bond described in the complaint was admitted by defendant to be the one delivered to Norfleet.

I. B. Grainger, cashier of defendant's bank, testified that he negotiated the sale of the bond with Norfleet. Shortly after their first conversation about the matter Norfleet sent the price of the bond to the bank by mail; that witness made the entry of the sale and placed the bond aside to be kept according to directions of Norfleet. That shortly afterwards Norfleet called for the bond and witness handed it to him. It was also in evidence that the entry on books of defendant of the sale of the bond was made May 18th, 1868, in Grainger's handwriting, and witness was satisfied that the entry was correct.

His Honor submitted this issue to the jury: " Did defendant know, at the time of the sale of the bond to plaintiff, that it was void ?"

Verdict for defendant.

Plaintiff insisted that he was entitled to recover on the ground of failure of consideration. 'Defendant met this by contending that the Statute of Limitations was a bar, and the Court so held. Motion for new trial overruled. Judgment for defendant, and appeal by plaintiff.

There were numerous exceptions by plaintiff to the rulings of his Honor at the trial, but the above statement of the case presents the points on which the case was decided in this Court.

*W. H. Johnston,* for plaintiff.
*Howard & Perry,* for defendant.

PEARSON, ·C. J. Assuming that the defendant is fixed with the *scienter* in regard to the illegality of the bond, and assuming also that the bond was void, and that the plaintiff had a cause of action because of a total failure of consideration, as well as because of the deceit, in either point of view the cause of action grew out of the contract for the sale of the bond. That contract, in its legal effect, was executed on the 18th of May, 1868, and the plaintiff's cause of action accrued on that day. The summons issued on the 22d of May, 1871, so the action is barred by the statute.

The position of the plaintiff's counsel, that the contract of sale was not executed, and the plaintiff's cause of action did not accrue until June, when Mr. Norfleet, the agent of plaintiff, applied to the defendant for the bond, and accepted it as the bond which was the subject of the sale, *for that,* up to that time, he had a right to object to the particular bond, which the cashier at his request had set aside for plaintiff, has no force. Admit he had a right to object to a particular

bond—he made no objection, and accepted the bond as the very bond which was the subject of the contract. This taking of the bond being made in reference to the contract of sale in its legal effect, related back to the contract of sale at which date the cause of action accrued. *Williams* v. *Perkins,* Busbee, 253. The rosin was not called for within the time stipulated. *Waldo* v. *Belcher,* 11 Ired., 609. The corn had not been measured and set apart. Here the very bond, No. 172 (see complaint), was set apart, and afterwards accepted.

PER CURIAM. Judgment affirmed.